UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MAURICE THOMAS

VERSUS

ORIAN GULLOTTA, ET AL.

CIVIL ACTION

NO. 15-435-JJB-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 23, 2016.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MAURICE THOMAS

VERSUS

ORIAN GULLOTTA, ET AL.

CIVIL ACTION

NO. 15-435-JJB-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion to Traverse Courts Ruling Seeking to Have the Dismissed Case Reopened and Reinstated (R. Doc. 28) filed on December 17, 2015, which the court interprets to be a Motion to Alter or Amend a Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The motion is opposed. (R. Doc. 29).

**I.     Background**

The plaintiff, Maurice Thomas, initiated this action on July 3, 2015. (R. Doc. 1). The plaintiff alleges that he was wrongly arrested, prosecuted, sentenced, and punished in violation of 42 U.S.C. § 1983. (R. Doc. 1 at 11). The underlying arrest took place on or about July 2, 2014, one year prior to the filing of the lawsuit. (R. Doc. 1 at 2).

On September 9, 2015, the Court issued an Order granting the plaintiff authorization to proceed *in forma pauperis* in this case, directing him to pay, within twenty-one (21) days, an initial partial filing fee in the amount of $80.00, and advising that failure to pay the initial partial filing fee would result in dismissal of his action.

The plaintiff failed to pay the initial partial filing fee as ordered, and on October 30, 2015 was ordered to show cause within twenty-one (21) days, through his attorney, why his Complaint should not be dismissed for failure to pay the initial partial filing fee. (R. Doc. 10). The plaintiff was further ordered to attach to his response copies of his inmate account transaction statements

showing the daily account activity in his inmate drawing, savings and reserve accounts for the months of September and October 2015, and advised that failure to submit the requested information would result in dismissal of the plaintiff's action without further notice.

On November 9, 2015, and again on November 16, 2015, counsel for the plaintiff filed a "Written Response to Show Cause Why the Case Should not be Dismissed for Failure to Timely Pay Fees." (R. Docs. 12 and 17). Therein, counsel for the plaintiff asserted that the plaintiff was unable to pay the initial partial filing fee due to extended periods of unemployment due to physical injury and incarceration, the illness of his father who is his primary source of income while incarcerated, and counsel's expenditures for legal expenses. Counsel for the plaintiff did not, however, attach the plaintiff's inmate account transaction statements as ordered. (*See* R. Docs. 12 and 17).

On December 7, 2015, the district judge dismissed the above-captioned proceeding, without prejudice, for failure of the plaintiff to pay the Court's initial partial filing fee. (R. Doc. 25). The district judge's Ruling noted that a review of the record reveals that the plaintiff has failed to pay the initial partial filing fee or show cause, as ordered, why his case should not be dismissed for failure to pay the initial partial fee. The district judge entered a judgment dismissing the action without prejudice. (R. Doc. 26).

On December 15, 2015, after the action was dismissed, the plaintiff paid $100 toward his filing fee.

On December 17, 2015, the plaintiff filed the instant motion. (R. Doc. 28). Attached to the motion is an inmate account detail report from the West Baton Rouge Parish Sheriff's Office. (R. Doc. 28-2). Because Plaintiff's Motion just 10 days after entry of the court's Judgment, it shall be treated as a motion to alter or amend under Rule 59(e).

2

## II.     Arguments of the Parties

In support of his motion, the plaintiff notes that he has "now through counsel obtained the inmate banking records and has paid the initial filing fees to satisfy the Court's original order." (R Doc. 28 at 1).  Counsel for the plaintiff submits that the plaintiff's inmate banking records were only now obtained "with some difficulty." (R. Doc. 28 at 1).  Plaintiff argues that dismissal is not proper and prays that the Court finds "the efforts put forth by plaintiff through counsel" as sufficient to merit reinstatement of the case. (R. Doc. 28-1 at 2).

In opposition, the defendants argue that the court should not be persuaded by the plaintiff's "attempts to frame the issue herein as one of simple inadvertence." (R. Doc. 29 at 1). The defendants note that despite being provided extensions to submit the fee, the plaintiff failed to comply with the Court's orders. (R. Doc. 29 at 1-2).  The defendants further note that the plaintiff did not request extensions from the Court to obtain his inmate account records, or mention prior to dismissal that he had difficulty obtaining them.  (R. Doc. 29 at 2).  Furthermore, the defendants point out that the inmate account records submitted by the plaintiff demonstrate that "from September 10, 2015 (the date of this Court's order to pay the partial fee of $80.00) through November 16, 2015, plaintiff deposited a total of $250.00 into his prison account, more than enough to have paid the filing fee." (R. Doc. 29 at 2-3).

## III.    Law and Analysis

"Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court." *Smithback v. Texas*, No. 07-288, 2007 WL 1518971 at *8 (N.D. Tex. May 24, 2007) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)).  "This authority flows from the court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested

3

court calendars." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 326, 629-31 (1962)). "Dismissal of a case for disobedience of a court order is an exceedingly harsh sanction which should be imposed only in extreme cases, and then only after exploration of lesser sanctions." *Id.* (quoting *Mann v. Merrill Lynch, Pierce, Fenner & Smith*, 488 F.2d 75, 76 (5th Cir. 1973)). "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Id.* (quoting *Rogers v. Kroger Co.,* 669 F.2d 317, 321-22 (5th Cir. 1982)).

A court may, nevertheless, enter an involuntary dismissal with prejudice when "a 'clear record of delay or contumacious conduct by the plaintiff' exists and 'lesser sanctions would not serve the best interests of justice.'" *Id.* (citing *Price v. McGlathery,* 792 F.2d 472, 473 (5th Cir. 1986) (internal citations omitted)). "Proper imposition of such a harsh sanction is generally preceded by at least one of three aggravating factors: 'plaintiff culpability, prejudice to defendant, and intentional conduct by plaintiff or counsel.'" *Id.* (quoting *Rogers,* 669 F.2d at 322).

Here, the district court dismissed the action without prejudice. Nevertheless, considering the one-year limitations period tort actions under Louisiana law, *see* La Civ. Code art. 3492, the dismissal without prejudice will very likely operate as a dismissal with prejudice. *See id.*; *Henson–El v. Rogers,* 923 F.2d 51, 52 (5th Cir. 1991).

"A Rule 59(e) motion 'calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Courts have considerable discretion in deciding whether to grant such a motion. *Edward H. Bohlin Co., Inc. v. The Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir.

4

1993).  In exercising discretion, however, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id*.  "Because of interest in finality, motions may only be granted if the movant shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously." *Robertson-CECO Corp. v. Lab Project Resource Group, Inc.*, No. 03-2393, 2006 WL 2224759, *1 (E.D. La. Aug. 2, 2006).

In light of the standard for dismissal with prejudice, the court finds it appropriate to exercise its discretion and reopen this case.  The plaintiff's instant motion was made just 10 days after entry of judgment, and his claims have not yet been considered on the merits.  The parties submitted a timely joint status report, indicating that the plaintiff's (and his counsel's) actions are not wholly counter to the prosecution of the instant action.  Furthermore, while the plaintiff failed to timely pay the partial filing fee despite this court's orders, and despite having the resources to do so, it is not clear whether his inaction is attributable to him or his counsel.  Based on the record, there is no clear indication of delay, willful contempt, or contumacious conduct that warrants the irreversible dismissal of his claims.  Accordingly, the undersigned finds that the interests of justice would best be served by granting plaintiff's motion. [1]

---

[1] Defendants reference one decision in which a district dismissed an action without prejudice pursuant to Rule 41(b) on the basis that the plaintiff failed to comply with the court's show cause order directing payment of the filing fee or the filing of a motion to proceed in forma pauperis. (R. Doc. 29 at 2) (citing *Hill v. Perry*, No. 15-73, 2015 WL 1191157 (W.D. Tex. Mar. 16, 2015)).  The court in *Hill* dismissed the action "without prejudice to Plaintiff's right to re-file his civil action provided he either pays the filing fee or establishes that he does not possess sufficient financial resources to do so."  The court specifically noted, however, that the plaintiff had "not demonstrated the type of contumacious conduct or delay satisfying dismissal of his claims with prejudice." *Id*.  Furthermore, the court was not faced with a motion pursuant to Rule 59(e).

**RECOMMENDATION**

It is recommended that Plaintiff's Motion (R. Doc. 28) be **GRANTED**, and the Court's Ruling and Judgement of December 7, 2015 (R. Docs. 25 and 26) be **VACATED**, and that this action be **REINSTATED** on the Court's Docket.

Signed in Baton Rouge, Louisiana, on February 23, 2016.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**