UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MAURICE THOMAS

VERSUS

ORIAN GULLOTTA, ET AL.

CIVIL ACTION

NO. 15-435-JJB-RLB

## RULING

This matter is before the Court on a Motion to Dismiss (Doc. 37) brought by the defendants, Plaquemine Police Chief Orian Gullotta ("Chief Gullotta") and City of Plaquemine ("the City"). The plaintiff, Maurice Thomas ("Thomas"), filed an opposition (Doc. 43) and the defendants filed a reply brief (Doc. 45). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the defendants' Motion to Dismiss (Doc. 37) is **DENIED**, and the plaintiff is granted leave to amend his complaint within 30 days.

### I.  BACKGROUND

The following factual allegations are taken from the Complaint (Doc. 1) and are treated as true for purposes of this motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On July 3, 2014, Plaquemine Police Officer John Little ("Officer Little") arrested Thomas ("July 3 Arrest").[1] *Compl.* ¶ 3, Doc. 1. At the time of the July 3 Arrest, Thomas had a pending lawsuit against several officers of the Plaquemine Police Department in the United States District Court for the Middle District of Louisiana. *Id.* ¶ 5. Thomas claims that the police officers knew his name and that he had a pending lawsuit against the police, and therefore, the officers were "out to get him" and were harassing him based upon the pending lawsuit. *Id.* ¶¶ 5–6.

---

[1] During the arrest, the officers attempted to place Thomas' hands behind his back to handcuff him, but were unable to do so due to his rotator cuff injury. The officers nonetheless violently placed Thomas' arm behind his back, which aggravated the preexisting injury. *Compl.* ¶ 14, Doc. 1.

1

As a result of the July 3 Arrest, Thomas was charged with Disturbing the Peace, two counts of Resisting an Officer, two counts of Battery on an Officer, two counts of Assault on an Officer, and one count of Inciting to Riot. *Id.* ¶ 4.Eventually, the charge of Inciting to Riot was dismissed by the District Attorney's Office, and a judge found Thomas not guilty of the charges of Battery on an Officer, Resisting an Officer, and Assault on an Officer.[2] *Id.* ¶¶ 20, 26.

Three days after the judge entered the not guilty verdict, Officer Little and four other officers went to Thomas' residence and arrested him again, charging him with Aggravated Cruelty to an Animal. *Id.* ¶ 27. One of the officers conducted a pat down search during the arrest and found a small bag of pills/drugs in Thomas' pocket. *Id.* ¶¶ 35, 37. According to Thomas, the drugs were planted or placed on him by one of the officers. *Id.* ¶ 37.

Thomas subsequently filed the instant lawsuit, asserting claims under 42 U.S.C. §§ 1983, 1985, and 1988 against Chief Gullotta and the City. *See id.* ¶ 51. In the complaint, Thomas alleges that Chief Gullotta knew that Thomas had a pending lawsuit and failed to instruct the officers not to harass and pressure him with criminal charges. *Id.* ¶ 46. Thomas also claims that Chief Gullotta "has a history of not taking any steps to redress complaints filed against deputies and his office and subordinates, thereby he has shown a pattern that endorsed and ratified the improper actions of the deputies and staff and have become co-conspirators in the violations of plaintiff's rights." *Id.* ¶ 47.

The defendants, Chief Gullotta and the City, have filed the instant Motion to Dismiss (Doc. 37) under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See Defs.' Supp. Mem.* 1, Doc. 37-1. The defendants argue that: (1) Thomas has failed to state a claim

---

[2] The judge eventually convicted Thomas for Disturbing the Peace—despite the law, facts, and evidence to the contrary. *Id.* ¶ 45.

2

against Chief Gullotta in his individual capacity; (2) the doctrine of qualified immunity precludes the individual capacity claims asserted against Chief Gullotta; and (3) Thomas has failed to state an official capacity claim against Chief Gullotta and the City because of the failure to adequately allege that a policy or custom caused a deprivation of his constitutional rights. *Id.* ¶ 4.

## II.  DISCUSSION

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court, "[i]n reviewing a Rule 12(b)(6) motion . . . must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff." *Davis v. Bellsouth Telecomm.*, Civil Action No. 11–722–FJP–SCR, 2012 WL 2064699, at *1 (M.D. La. June 7, 2012) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). Still, the plaintiff must assert facts sufficient to demonstrate that he may plausibly be entitled to relief. *Ashcroft*, 556 U.S. at 678.

In the complaint, the plaintiff asserts claims arising under 42 U.S.C. § 1983, § 1985, and § 1988 against Chief Gullotta and the City. *See Compl.*, Doc. 1. For the reasons stated in the defendants' brief, the Court finds that the plaintiff has failed to state a claim for relief under §§ 1983 and 1985. *See Defs.' Supp. Mem.* 4–18, Doc. 37-1. Specifically, as it pertains to § 1983, the Court agrees with the defendants that: (1) Thomas has not stated an individual capacity claim against Chief Gullotta, as Thomas has not alleged any specific conduct or personal involvement of Chief Gullotta giving rise to a constitutional violation; (2) the doctrine of qualified immunity precludes all individual capacity claims against Chief Gullotta;[3] and (3) Thomas has not stated an

---

[3] As it pertains to qualified immunity, the Court agrees with the defendants that the plaintiff has failed to allege sufficient facts to show that his rights were violated by Chief Gullotta under the First, Fourth, Fifth, Sixth, Eighth, or Fourteenth Amendments. *See Defs.' Supp. Mem.* 4–16, Doc. 37-1.

official capacity claim against Chief Gullotta or the City because Thomas has failed to adequately allege facts of a policy or custom that caused a deprivation of his constitutional rights. *Id.* ¶ 4–16. Also, the plaintiff has failed to establish a claim under § 1985, as he has failed to allege facts to support a claim for a conspiracy pursuant to any of the subsections of § 1985. *Id.* ¶ 16–18.

In his opposition (Doc. 43), the plaintiff asserted facts not found in his complaint,[4] and requested leave to amend the complaint to cure any deficiencies. A district court has discretion to grant leave to amend a complaint, and "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, the Court finds that given the additional facts asserted by the plaintiff in his opposition (Doc. 43), justice requires granting the plaintiff leave to amend his complaint. Because the court is granting the plaintiff leave to amend his complaint to cure the deficiencies raised by the defendants, the defendants' Motion to Dismiss (Doc. 37) is **DENIED** without prejudice to refiling.[5]

### III. CONCLUSION

For the reasons stated above, the defendants' Motion to Dismiss (Doc. 37) is **DENIED**, and the plaintiff is granted leave to amend his complaint within 30 days.

Signed in Baton Rouge, Louisiana, on July 6, 2016.

                **JUDGE JAMES J. BRADY**
                **UNITED STATES DISTRICT COURT**
                **MIDDLE DISTRICT OF LOUISIANA**

---

[4] The facts asserted in the opposition are not considered when ruling on Rule 12(b)(6) motions.
[5] Considering both the Complaint (Doc. 1) and the facts asserted in the plaintiff's opposition (Doc. 43), at this time it appears that the only individual capacity claim potentially cognizable under the law against Chief Gullotta is for excessive force. Should the plaintiff assert claims against Chief Gullotta in his individual capacity on other grounds, the plaintiff shall make a reasonable investigation that such claims are supported by existing law.