UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MAURICE THOMAS                                    CIVIL ACTION

VERSUS

PLAQUEMINE CHIEF ORIAN GULOTTA, ET AL          NO.  15-435-JJB-RLB

## RULING

Before the Court are two *Motions to Dismiss*:  one filed by the City of Plaquemine and Chief of Police Orian Gulotta, and one filed by Plaquemine Police Officer John Little.[1] Plaintiff Maurice Thomas has filed an *Opposition,*[2] to which the Defendants have filed a joint *Reply.*[3]  The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331.  Oral argument is unnecessary.  For the following reasons, both of the *Motions* are GRANTED IN PART and DENIED IN PART.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[4]

Maurice Thomas (hereinafter "Thomas" or "Plaintiff") filed this civil rights action arising out of his July 3, 2014 arrest by Plaquemine Police Officer John Little (hereinafter "Officer Little").   Thomas claims that Officer Little had no probable cause to make the arrest.   As a result of the arrest, Thomas was charged with disturbing the peace, two counts of resisting an officer, two counts of battery on an officer, two counts of assault on an officer, and one count of inciting to riot.   Thomas contends that at the time of his arrest, he had a pending federal lawsuit against several officers of the Plaquemine Police

---

[1] Doc. 52 and Doc. 56.
[2] Doc. 60.
[3] Doc. 63.
[4] The factual background is taken from the allegations as plead in Plaintiff's *Complaint.*  Doc. 1.

Department, and the police officers were "out to get him" and were harassing him based upon the pending lawsuit.

Thomas claims that prior to his July 3, 2014 arrest he was in the yard of a relative holding a conversation, while 60-80 people were assembled across the street shooting firecrackers.   According to Thomas, Officer Little stopped his police vehicle and ordered Thomas to come to his car and place his hands upon it because he was under arrest. Thomas admits that he was reluctant to comply with Officer Little's orders.  Subsequently, Officer Little called for backup, and another unknown officer arrived on the scene.  The officers then proceeded to attempt to handcuff Thomas behind his back.  Due to a preexisting injury to his rotator cuff, Thomas asserts that he and some of his relatives told the officers that he could not be handcuffed behind his body.  Thomas was ultimately handcuffed in front of his body, without further incident, and spent two days in jail. Eventually, the District Attorney's Office summarily dismissed the charge of inciting to riot, and a city court judge found Thomas not guilty of the charges of battery on an officer, resisting an officer, and assault on an officer.  The Court took the matter of Thomas' charge of disturbing the peace under advisement.  Thomas claims the Court ultimately found him guilty of this charge.

Three days after the judge rendered his not guilty verdicts, Officer Little and four other officers allegedly went to Thomas' residence and arrested him again.  Thomas was charged with aggravated cruelty to an animal and four more counts of resisting an officer. During the arrest, Thomas contends that one of the officers falsely reported that during the pat-down of his person, a "small bag of pills/drugs" was found in Thomas' pocket.

According to Thomas, any drugs that were found on his person were planted on him by the arresting officers.

Thomas has alleged that the City of Plaquemine has maliciously prosecuted him based upon the July 3, 2014 charges.  He further claims that he was convicted of disturbing the peace in spite of the law, facts, and evidence to the contrary.  As for the Chief of Police, Thomas alleges Chief Gulotta knew that he had a pending lawsuit and failed to instruct his officers not to harass and pressure him with criminal charges.  Thomas also claims that Chief Gulotta "has a history of not taking any steps to redress complaints filed against deputies and his office and subordinates, thereby he has shown a pattern that endorsed and ratified the improper actions of the deputies and staff and have become co-conspirators in the violations of plaintiff's rights."[5]

On July 3, 2015, Thomas filed a verified *Complaint* naming the City of Plaquemine, Plaquemine Chief of Police Orian Gulotta, and Plaquemine Police Officer John Little as Defendants.[6]  Thomas has asserted 42 U.S.C. § 1983 claims against the City, the Police Chief, and Officer Little in their official and individual capacities for malicious prosecution, and allegedly violating his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights.  In addition, Thomas makes a separate 42 U.S.C. § 1985 conspiracy claim against the Defendants, and seeks attorney's fees under 42 U.S.C. § 1988.   Thomas has also made parallel state law claims of assault and battery, false imprisonment, malicious prosecution, malfeasance in office, and intentional infliction of emotional distress against the Defendants.

---

[5] Doc. 1, p. 10, ¶47.
[6] Thomas also named four "Unknown Plaquemine Police Officers" as Defendants.

The Defendants now move for dismissal of Thomas' claims for failure to state a claim and, in the alternative, as being barred by the doctrine of qualified immunity.

## II.   Initial Matters

### A.   Plaintiff's Failure to Comply with the Court's *Ruling* To Amend

On July 6, 2016, the Court entered a *Ruling*[7] denying the *Motion to Dismiss* filed by Defendants, Police Chief Gulotta and the City of Plaquemine.  In that *Ruling*, the Court found, that for the reasons set forth in the Defendants' brief, Plaintiff had failed to state a viable claim for relief under 42 U.S.C. § 1983 and 42 U.S.C. § 1985.  The Court also noted that it agreed that Plaintiff had failed to allege sufficient facts to show that his constitutional rights had been violated by Chief Gulotta under the First, Fourth, Fifth, Sixth, Eighth, or Fourteenth Amendments, and therefore, Chief Gulotta was entitled to qualified immunity.  In spite of these findings, the Court granted the Plaintiff's request to amend his complaint to cure the deficiencies raised by the Defendants.  Plaintiff was ordered to file his amended complaint within 30 days of the Court's July 6, 2016 *Ruling*. Nonetheless, as of the date of this *Order*, Plaintiff has yet to comply.

In the pending *Motion to Dismiss*, the City and Chief Gulotta essentially re-urge their 42 U.S.C. §§ 1983 and 1985 arguments.[8]  In response, Plaintiff has simply re-submitted the same opposition he previously filed to contest the first *Motion to Dismiss*.[9]

Considering the Plaintiff's failure to comply with the Court's *Ruling*, and, once again finding merit in the Defendants' arguments, the Court hereby GRANTS the Defendants'

---

[7] Doc. 47.

[8] Doc. 52.

[9] Plaintiff's *Opposition* is also completely devoid of any explanation as to why he failed to file an amended complaint pursuant to the Court's *Ruling*.

*Motion to Dismiss* for those reasons set forth in their memorandum.[10]   Accordingly, Plaintiff Maurice Thomas' 42 U.S.C. § 1983 and 42 U.S.C. § 1985 claims against Defendants, the City of Plaquemine and Plaquemine Police Chief Orian Gulotta, are hereby dismissed.  The viability of Thomas' state law claims against the City and Chief Gulotta shall be addressed herein, Subsection IV(E).

    B.  Judicial Notice

Thomas has submitted the Courtroom Minutes from Plaquemine City Court that state on December 15, 2015, the City Court Judge found that the Plaintiff was not guilty of disturbing the peace.[11]   On a Rule 12(b)(6) motion the Court is ordinarily limited to review the contents of pleadings, including attachments, to determine whether claims have been properly stated.  However, the Court may also take judicial notice of the contents of public records on a Rule 12(b)(6) motion without converting the motion to one for summary judgment.[12]  Federal Rule of Evidence 201 provides that: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." In light of any potential *Heck v. Humphrey*[13] concerns that would bar Thomas from asserting any 42 U.S.C. § 1983 claims that would call into question or otherwise invalidate

---

[10] Doc. 52-1.

[11] Doc. 43-3.

[12] *See, Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

[13] *Heck v. Humphrey*, 512 U.S. 477 (1994).  Under *Heck*, "to recover for damages … for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, [or] declared invalid by a state tribunal authorized to make such a determination."  *Id.* at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 487.

a conviction or sentence,[14] the Court shall take judicial notice of the Courtroom Minutes from Plaquemine City Court.

## III.    LAW

### A.    Rule 12(B)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[15]   The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[16]  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[17]   In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.[18]   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

---

[14]    *See*, *e.g.*, *Walter v. Horseshoe Entertainment*, 483 Fed.Appx. 884, 887-88 (5th Cir. 2012)(unpublished)("In order to support a claim for unlawful [or false] arrest, a plaintiff must show that he was arrested without probable cause.  Here, the plaintiffs were arrested for crimes of which they were ultimately convicted.  *Heck* therefore bars recovery for the false arrest claim, because the conviction necessarily implies that there was probable cause for the arrest." (internal citations omitted)).  *See also*, *Magee v. Reed*, 2015 WL 6605548, *5 (E.D.La. Oct. 28, 2015)("Generally, where a plaintiff was arrested for crimes of which he was ultimately convicted, *Heck* bars recovery for false arrest and false imprisonment, because the conviction necessarily implies that there was probable cause for the arrest."(citing *Walter*, 483 Fed.Appx. at 887-88)).

[15] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

[16] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)(quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

[17] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[18] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) (hereinafter *Twombly*).

do."[19]  A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[20]   However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21]   In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[22]  "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[23]   On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[24]

### B.  42 U.S.C. § 1983 Claims

"Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'"[25] In order to state a claim under 42 U.S.C. § 1983, the plaintiff must establish two elements: "(1) that the conduct in question deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States; and (2) that the conduct or deprivation complained of was committed by a person acting under color of state law."[26] As for the first element, 42 U.S.C. § 1983 only "imposes liability for deprivations of constitutionally protected rights, rather than for violations of tort duties of care."[27]   As for

---

[19] *Twombly*, 550 U.S. at 555 (internal citations and brackets omitted).
[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted)(hereinafter "*Iqbal*")(quoting *Twombly*, 550 U.S. at 557).
[21] *Id.* (citing *Twombly*, 550 U.S. at 556).
[22] *Id.*
[23] *Taha v. William Marsh Rice Univ.*, 2012 WL 1576099 at *2 (S.D. Tex. May 3, 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[24] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[25] *Blessing v. Freestone*, 520 U.S. 329, 340 (1997).
[26] *Jones v. St. Tammany Parish Jail*, 4 F.Supp.2d 606, 610 (E.D.La. 1998). *See also*, *Elphage v. Gautreaux*, 2013 WL 4721364, at *5 (M.D. La. Sept. 3, 2013).
[27] *Griffith v. Johnston,* 899 F.2d 1427, 1436 (5th Cir. 1990).

the second element, a "plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged."[28]

"The performance of official duties creates two potential liabilities, individual-capacity liability for the person and official-capacity liability for the municipality."[29] Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.[30]  "However, to be liable in one's official capacity under § 1983, the defendant must have been delegated policy-making authority under state law."[31]  In contrast, a state actor may have Section 1983 liability in his/her individual capacity for actions causing the deprivation of a federal right taken under color of state law.[32]

## IV.  ANALYSIS

### A.  Plaintiff's Official Capacity Claims Against Officer Little

Plaintiff has asserted 42 U.S.C. § 1983 claims against Officer Little in his official capacity.  "A claim against a police officer in his official capacity is treated as a claim against the municipality that the officer serves."[33]  As previously mentioned, Thomas also named the City of Plaquemine, Officer Little's employer, as a separate Defendant in this case.  "When the governmental entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the

---

[28] *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995)(citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)(citing *Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1980)).

[29] *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.,* 229 F.3d 478, 484 (5th Cir. 2000).

[30] *Broussard v. Lafayette City-Parish Consolidated Gov't*, 45 F.Supp.3d 553, 571 (W.D.La. 2014).

[31] *Terry v. City of New Orleans*, 523 F.Supp.2d 486, 492 (E.D.La. 2007)(quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 125 (1988)).

[32] *Id.* (citing *Hafer v. Melo*, 502 U.S. 21, at 25-31 (1991)).

[33] *Warren v. Gusman,* 2016 WL 5334799, at *2 (E.D.La. Sept. 23, 2016)(citing *Brooks v. Georte Cty., Miss.*, 84 F.3d 157, 165 (5th Cir. 1996)).

entity."[34]  Hence, the official capacity claim against Officer Little is redundant and serves no purpose.  Moreover, the Court has already disposed of Thomas' official capacity claims against the City of Plaquemine,[35] thereby, also disposing of his official-capacity claims against Officer Little.   Accordingly, the official capacity claims against Officer Little shall be dismissed.

B. Qualified Immunity

Officer Little argues that Thomas has failed to state any 42 U.S.C. § 1983 individual capacity claims against him arising under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment, or for malicious prosecution.   In the alternative, Officer Little argues that even if Thomas has stated a viable individual capacity claim against him, such claims are barred by the doctrine of qualified immunity.

"The qualified immunity defense entitles a defendant to avoid the 'burdens of litigation' as well as liability."[36]  Qualified immunity protects an official acting under color of state law in his or her individual capacity "from liability of civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[37]  When considering a qualified immunity defense raised in the context of a Rule 12(b)(6) motion, the court must determine whether "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity."[38]   Therefore, "[a] plaintiff seeking to overcome [the defense of] qualified

---

[34] *Nelms v. City of Waxahachie*, 2008 WL 5262714, at *5 (N.D.Tex. Dec. 16, 2008).

[35] *See supra* Section II(A).

[36] *Elphage*, 2013 WL 4721364 at *5 (citing *Manis v. Lawson*, 585 F.3d 839, 843 (M.D.La. 2013)(quoting *Mitchell v. Forsythe*, 472 U.S. 511, 526 (1985)).

[37] *Batiste v. Theriot*, 458 Fed.Appx. 351, 354 (5th Cir. 2012)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982))(unpublished).

[38] *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)(quoting *Wicks v. Miss. St. Emp. Servs.*, 41 F.3d 991, 994-95 (5th Cir. 1995)).

immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity."[39]

"To establish an entitlement to qualified immunity, a government official must first show that the conduct occurred while he was acting in his official capacity and within the scope of his discretionary authority."[40]  Once the defendant invokes the qualified immunity defense, the burden is on the plaintiff to rebut the applicability of the defense.[41]  A plaintiff may meet this burden by alleging facts showing that: (1) "the officer's conduct violated a constitutional right",[42] and (2) "the right was 'clearly established' at the time of the challenged conduct."[43]  "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right."[44]  Whether the right was clearly established at the time the defendant acted "requires an assessment of whether the official's conduct would have been objectively reasonable at the time of the incident."[45]

### 1. First Amendment Claim

In his *Complaint* Thomas simply avers, without more, that Officer Little's actions "were in retaliation [for] his attempt to exercise his rights guaranteed under the First Amendment, his right to resist an unlawful arrest."[46]  To prevail on his First Amendment

---

[39] *Id.*

[40] *Thorn v. McGary*, 2016 WL 3257583, *5 (E.D.La. June 14, 2016)(quoting *Beltran v. City of El Paso*, 367 F.3d 299, 303 (5th Cir. 2004)(citations omitted)).

[41] *Id.* (citing *Kitchen v. Dall. Cty., Tex.*, 759 F.3d 468, 476 (5th Cir. 2014)).

[42] *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008)(citations omitted).

[43] *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011)(quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)(citing *Harlow*, 457 U.S. at 818)).

[44] *Taylor v. Barkes*, 135 S.Ct. 2042, 2044 (2015)(citations omitted).

[45] *Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir. 2004)(quoting *Conroe Creosoting Co. v. Montgomery Cty.*, 249 F.3d 337, 340 (5th Cir. 2001)).

[46] Doc. 1, p. 12, ¶54.

retaliation claim against Officer Little, Thomas must prove that: "(1) he was engaged in a constitutionally protected activity, (2) that the defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that protected activity, and (3) that the defendant's adverse actions were substantially motivated by the plaintiff's exercise of constitutionally protected conduct."[47]   Construing the allegations in the *Complaint* in a light most favorable to the Plaintiff, the Court finds that Thomas has failed to satisfy the first element.   More precisely, Thomas has failed to allege any facts to suggest what First Amendment protected speech or conduct he had engaged in that led to his arrest.   Rather, Thomas' claim is limited to one conclusory allegation that Officer Little violated his First Amendment rights.   Accordingly, the Court finds that Thomas has failed to state a viable 42 U.S.C. § 1983 First Amendment claim and his claim shall be dismissed.

> *2. Fourth/Fourteenth Amendment Claim of False Arrest and False Imprisonment*

Defendant Little argues that Thomas has failed to plead sufficient facts to show a violation of his constitutional right to be free from false arrest.   Initially, the Court points out that the constitutional rights implicated in the claim of false arrest/false imprisonment are derived from the Fourth and Fourteenth Amendments.   To prevail on his false arrest claim, Thomas "must sufficiently allege (1) that he was arrested, and (2) the arrest did not have the requisite probable cause."[48]   "An arrest is unlawful unless it is supported by probable cause."[49]   "Probable cause exists when the totality of facts and circumstances

---

[47] *McLin v. Ard*, 2013 WL 5798989, *4 (M.D.La. Oct. 28, 2013)(citing *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002)).
[48] *Rhodes v. Prince*, 360 Fed.Appx. 555, *3 (5th Cir. 2010)(citing *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655-56 (5th Cir. 2004))(unpublished).
[49] *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004).

within a police officer's knowledge *at the moment of arrest* are sufficient for a reasonable person to conclude that the suspect has committed or was committing an offense."[50] "A law enforcement officer who reasonably but mistakenly concludes that probable cause is present is entitled to qualified immunity."[51] And yet, "a qualified immunity defense cannot succeed where it is obvious that a reasonably competent officer would find no probable cause."[52]

In this case, Thomas has alleged that he was arrested without probable cause by Officer Little on July 3, 2014 and charged with disturbing the peace, resisting an officer, battery and assault on an officer, and inciting to riot.[53] As a result of his arrest, Thomas claims that he "spent two days in jail for this incident."[54] Of these charges, Thomas has alleged that the charge of inciting a riot was dismissed by the District Attorney, and the judge found him not guilty of charges of assault and battery on an officer and resisting an officer. As previously noticed by the Court, Thomas was ultimately found not guilty of disturbing the peace.

According to Thomas, at the time of his arrest, he was standing in the yard of a relative holding a conversation, while 60-80 people on the other side of the street were popping firecrackers. During this time, Thomas claims that Officer Little passed by

---

[50] *Id.* (quoting *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1986), *cert denied*, 117 S.Ct. 83 (1996)(emphasis original)).

[51] *Daniel v. City of Minden*, 2015 WL 9684959, *4 (W.D.La. Nov. 17, 2015)(citing *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000)).

[52] *Id.*

[53] It is the Court's opinion that Plaintiff has failed to connect the dots and link up his constitutional claims to the factual allegations associated with his arrest for animal cruelty. For instance, Thomas alleges he was arrested for animal cruelty but never claims the officers lacked probable cause or how the charges were resolved. Nor does he allege that he was arrested for or charged with any crime associated with the drugs on his person. Accordingly, the Court finds these factual allegations to be superfluous as they fail to support any of Thomas' constitutional claims.

[54] Doc. 1, p. 4, ¶19.

several times before stopping and exiting from his vehicle. Officer Little then instructed Thomas to step towards the police vehicle and place his hands upon it, because Thomas was under arrest. Plaintiff admitted his reluctance to go with Officer Little, and that Officer Little called for backup. Thomas claims that during his actual arrest, he attempted to inform Officer Little of his injured rotator cuff and that he could not be handcuffed behind his back. Thomas also states that he asked one of the on-lookers to video the arrest so they could "see what [the police were] trying to do."[55] It also appears that Thomas claims to have never uttered any loud or vulgar language at Officer Little preceding his arrest. Based on the foregoing, the Court finds that Thomas has alleged enough facts to set forth a plausible Fourth Amendment claim of unlawful arrest.

Turning now to Officer Little's assertion of qualified immunity, the foregoing analysis demonstrates that Thomas sufficiently alleged a constitutional violation. Considering the allegations, it is unclear what basis there was for probable cause to bring the charges against Thomas. It is indisputable that if Thomas was, in fact, arrested without probable cause, then such an arrest was unreasonable in light of clearly established law. Hence, the Court finds that Officer Little has not established, at this time, that he is entitled to qualified immunity.

Accordingly, the Court shall deny Officer Little's *Motion* as it pertains to Thomas' *Motion to Dismiss* for failure to state a claim. The *Motion* shall also be denied on the grounds of qualified immunity, without prejudice, to Officer Little reasserting the defense at a later stage.

---

[55] Doc. 1, p. 4, ¶16.

### 3. Fourth Amendment Excessive Force Claim

Thomas also appears to assert a 42 U.S.C. § 1983 excessive force claim arising out of his arrest.  The Supreme Court has held that "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest … of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard."[56]  "[T]o state a violation of the Fourth Amendment prohibition on excessive force, the plaintiff must allege: (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force that was objectively unreasonable."[57]  Excessive force claims are fact-intensive, and depend upon "the facts and circumstances of each particular case,"[58] and the Court may consider certain factors, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."[59]  Further, an excessive force claim "is separate and distinct from [an] unlawful arrest claim, and [the Court] must therefore analyze the excessive force claim without regard to whether the arrest itself was justified."[60]

Thomas' excessive force claim stems from Officer Little's attempt to handcuff him while being arrested for disturbing the peace, inciting a riot, resisting arrest, and assault and battery of a police officer.  Thomas alleges that although he tried to explain that his arm could not be placed behind his back due to a rotator cuff injury, Officer Little and another unknown officer pulled and attempted to twist Thomas' arm behind his back to

---

[56] *Graham v. M.S. Connor*, 490 U.S. 386, 395 (1989)(emphasis original).
[57] *Bush v. Strain*, 513 F.3d 492, 500-01 (5th Cir. 2008).
[58] *Graham*, 490 U.S. at 396.
[59] *Id.*
[60] *Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir. 2007).

handcuff him, thereby aggravating his pre-existing shoulder injury.[61] However, Thomas further claims that, in response to protestations from family relatives also stating that the officers could not put Thomas' hands behind his back due to his hurt shoulder, Thomas was ultimately handcuffed in front of his body and arrested "without further incident."[62]

As correctly argued by Officer Little, Thomas has failed to state a viable excessive force claim because he has failed to allege that his injury resulted "directly and only from" Officer Little's use of force.  The Fifth Circuit has held that the aggravation or exacerbation of a pre-existing injury does not comprise an actionable injury to support an excessive force claim because the injury does not result "directly and only" from the defendant officer's use of force.[63]  Accordingly, Thomas has failed to state an actionable excessive force claim.

And yet, even if Thomas had pled a viable excessive force claim, the Court finds that, in light of the recent decision of *Johnson v. City of Bastrop*,[64] Officer Little would be entitled to qualified immunity.  In *Johnson*, the plaintiff had asserted an excessive force claim against the arresting officer for grabbing his wrist and twisting his arm behind his back in order to handcuff him during an October 4, 2014 incident.[65]  In finding that the defendant officer was entitled to qualified immunity on the excessive force claim, the *Johnson* court concluded that "the handcuffing technique employed by [the defendant officer] is a fairly common and ordinarily accepted and non-excessive way to detain an arrestee."[66]  As alleged in Plaintiff's *Complaint*, Officer Little used the same "fairly

---

[61] Doc. 1, pp. 3-4, ¶14.
[62] Doc. 1, p. 4, ¶17.
[63] *See*, *Wells v. Bonner*, 45 F.3d 90, 96 (5th Cir. 1995).
[64] *Johnson v. City of Bastrop*, 2016 WL 7116191 (W.D. La. Dec. 6, 2016).
[65] *Id.* at *5.
[66] *Id.*

common and ordinarily accepted and non-excessive" technique at the time of Thomas' 2014 arrest, that was employed by the defendant officer in *Johnson.*  Accordingly, the Court finds that the force used by Officer Little was not unreasonable.

The Court also finds that Thomas' claim that he attempted to tell Officer Little about his pre-existing injury and could not be handcuffed behind his back, does not defeat Officer Little's qualified immunity defense, because Officer Little had no clearly established duty to reposition his handcuffs.[67]  As one court noted:

> [A] police officer need not credit everything a suspect tells him.  This idea is especially true when the officer is in the process of handcuffing a suspect. As another federal court recently noted, statements by suspects claiming (at the time of their arrest) to have pre-existing injuries are, "no doubt, uttered by many suspects who, if given the choice, would prefer not to be handcuffed at all and, if they must be restrained in that manner, would prefer that the handcuffs be in front."[68]

Accordingly, the Court finds that Thomas' claim of excessive force shall be dismissed.

### 4.  Malicious Prosecution Claim

Construing his *Complaint* liberally, it appears that Thomas is alleging malicious prosecution as part of his 42 U.S.C. § 1983 claim.[69]  In *Castellano v. Fragozo*, the Fifth Circuit held that there is no viable "freestanding" 42 U.S.C. § 1983 claim based solely on malicious prosecution.[70]  The *Castellano* court further explained that:

> The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protections—the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued.  Such claims of lost constitutional rights are for violation of rights locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983.

---

[67] *Malone v. City of Fort Worth, Tex.*, 2014 WL 5781001, *23 (N.D.Tex. Nov. 6, 2014).
[68] *Id.* (quoting *Rodriguez v. Farrell*, 294 F.3d 1276, 1278 (11th Cir. 2002)(internal citations omitted)).
[69] Doc. 1, p. 11, ¶¶50-51.
[70] *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003).

**Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion.**[71]

In *Deville v. Marcantel*,[72] the Fifth Circuit further explained that a malicious prosecution claim is not "independently cognizable":

> [I]t must be shown that the officials violated specific constitutional rights in connection with a "malicious prosecution."  For example, "the initiation of criminal charges without probable cause may set in force events that run afoul of the … Fourth Amendment if the accused is seized and arrested…or other constitutionally secured rights if a case is further pursued."  **However, these "are not claims for malicious prosecution."**  Accordingly, plaintiffs' claim under § 1983 for "malicious prosecution" in respect to the May 2006 arrest is not independently cognizable, and defendants are entitled to summary judgment on that claim."[73]

In this case, Thomas has alleged a lack of probable cause for his arrest.  However, based on the foregoing Fifth Circuit precedent, such a claim is for a violation of a constitutional right, and not a claim for malicious prosecution.  Consequently, Thomas' claim for 42 U.S.C. § 1983 malicious prosecution shall be dismissed.

### 5.  *Fifth Amendment Due Process Claim*

Thomas summarily claims that he "was deprived of his liberty without due process of law."[74]  The Court construes such an allegation as support for his Fifth Amendment claim.  "The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor."[75]  The Fourteenth Amendment is the constitutional provision that guarantees due process rights against state actors.[76]  Here, Plaintiff has

---

[71] *Id.* at 953-954 (emphasis added)(*Castellano* court was analyzing the Supreme Court's decision in *Albright v. Oliver*, 510 U.S. 266 (1994)).

[72] *Deville v. Marcantel*, 567 F.3d 156 (5th Cir. 2009).

[73] *Id. at* 169-70. (citations omitted)(emphasis added).

[74] Doc. 1, p. 11, ¶50.

[75] *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000).

[76] *Id.* (citing *DeShaney v. Winnebago Co. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989)).  The Court previously evaluated Thomas' Fourteenth Amendment claim in the context of his Fourth Amendment false arrest/false imprisonment claim.

not alleged that Officer Little was a federal employee or "acting under authority of the federal government" at the time of the incident giving rise to this suit.[77]   Rather, he specifically alleges that at the time of his arrest, Officer Little was a Plaquemine Police Officer, employed by the City of Plaquemine.  Therefore, Thomas' Fifth Amendment claim fails as a matter of law.

### 6.  Sixth Amendment Claim

Thomas makes the conclusory allegation that the actions and omissions of Officer Little deprived him of his rights under the Sixth Amendment.[78]   The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel of his defence.[79]

The Court finds that Plaintiff's *Complaint* is completely devoid of any such allegations arising out of his July 3, 2014 arrest that would support a viable Sixth Amendment claim. Accordingly, Thomas' Sixth Amendment claim shall be dismissed.

### 7.  Eighth Amendment Claim

Like his Fifth and Sixth Amendment claims, Thomas makes a similar conclusory allegation that Officer Little's actions and omissions deprived him of his Eighth Amendment rights.[80]   As correctly noted by Officer Little, the Eighth Amendment

---

[77] *Id.*
[78] Doc. 1, p. 11, ¶51.
[79] U.S. Const. amend. VI.
[80] U.S. Const. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.").

guarantees against cruel and unusual punishment only apply to convicted prisoners.[81] Thomas' allegations indicate he was an arrestee, not a convicted prisoner.  Accordingly, the Court finds that Thomas has failed to state a viable Eighth Amendment Claim and his claim shall be dismissed.

### C.  Punitive Damages and Attorney's Fees

Because a viable 42 U.S.C. § 1983 claim remains, Officer Little's *Motion to Dismiss* as to Thomas' request for punitive damages and attorney's fees shall be denied at this time.

### D.  42 U.S.C. § 1985 Claim

"Section 1985 prohibits a conspiracy to interfere with civil rights."[82]  In order to state a 42 U.S.C. § 1985 claim, a plaintiff must allege the following: "(1) a conspiracy by the defendants, (2) with a purpose of depriving the plaintiff of equal protection of the laws or equal privileges and immunities under the law, (3) a purposeful intent to discriminate, (4) action by the defendants under color of state law or authority, and (5) injury to the person or property of the plaintiff or his deprivation of a right or privilege as a citizen of the United States resulting from actions in furtherance of the conspiracy.[83] Additionally, the plaintiff must assert "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."[84]

As Officer Little correctly discusses in his memorandum, Thomas cannot state a claim for conspiracy because, as a matter of law, a conspiracy requires two or more

---

[81] *See Ingraham v. Wright*, 430 U.S. 651, 670 (1977)(quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).
[82] *Bishop v. J.O. Wyatt Pharm.*, 2015 WL 4997890, *7 (N.D. Tex. Aug. 21, 2015).
[83] *Id.* (citing *Granville v. Hunt*, 411 F.2d 9, 11 (5th Cir. 1969)).
[84] *Suttles v. U.S. Postal Service*, 927 F.Supp. 990, 1001 (S.D.Tex. 1996)(quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

persons or entities.   Pursuant to the intracorporate conspiracy doctrine, "a corporation cannot conspire with itself through its agents or employees when the acts of the agents or employees are within the scope of their employment."[85]  "The intracorporate conspiracy doctrine is equally applicable to governmental entities,"[86] including police departments.[87] In this case, Thomas has alleged that the Officer Little's actions, as well as those of the other officers and the Chief of Police, occurred while they were acting within the scope of their employment with the Plaquemine Police Department.   Accordingly, Thomas' 42 U.S.C. § 1985 conspiracy claim is barred per the intracorporate conspiracy doctrine and shall be dismissed.

E.   <u>State Law Claims Against the City, Chief of Police, and Officer Little</u>

Thomas has also asserted several state law claims against the Defendants for false imprisonment, assault and battery, malicious prosecution, malfeasance in office, and intentional infliction of emotional distress.   Initially the Court finds that Thomas has not alleged any personal involvement by the Chief of Police to support any of the remaining state law claims.   Nevertheless, the Court finds that, construing the *Complaint* liberally, Thomas has arguably asserted claims against the Chief of Police and the City based upon the theory of vicarious liability or *respondeat superior*.[88]   Therefore, to the extent Thomas has asserted a viable state law claim against Officer Little, the Chief of Police and the City may also be liable under the theory of vicarious liability or *respondeat superior* for Officer Little's tortious conduct within the course and scope of his

---

[85] *Boyd v. Calcasieu Parish Sheriff's Office*, 2013 WL 1857448, *5 (W.D.La. May 2, 2013)(citing *Suttles*, 927 F.Supp. at 995-1002)).

[86] *Suttles*, 927 F.Supp. at 1002 (quoting *Larson v. Miller*, 76 F.3d 1446, 1456 n. 6 (8th Cir. 1996)).

[87] *LaFleur v. McClelland*, 2013 WL 5148181, *2 (S.D.Tex. Sept. 11, 2013); *see also Swilley v. City of Houston*, 457 Fed.Appx. 400, 404 (5th Cir. 2012)(affirming dismissal of 42 U.S.C. § 1985 conspiracy claim because Chief of Police and City of Houston "single legal entity").

[88] Doc. 1, p. 11, ¶53.

employment.[89]   However, it goes without saying that in the absence of such conduct, there can be no vicarious liability on the part of the Chief of Police or the City.[90]   The Court will evaluate each of the state law claims in turn.

### 1.  Malfeasance in Office

Initially the Court finds that malfeasance in office is a criminal offense under Louisiana law and not a proper civil state law claim.[91]   Hence, Thomas' malfeasance in office claim shall be dismissed for failure to state a claim.

### 2.  False Imprisonment

Under Louisiana law, "[w]rongful arrest, or the tort of false imprisonment, occurs when one arrests and restrains another against his will and without statutory authority."[92] "The tort of false imprisonment consist of the following two essential elements: (1) detention of the person; and (2) the unlawfulness of the detention."[93]   The lawfulness of the detention hinges upon the existence of probable cause.[94]   The Court's earlier reasoning and analysis pertaining to Thomas' Fourth/Fourteenth Amendment False Arrest and False Imprisonment claim is applicable here.   Accordingly, the Court finds that the alleged facts, if true, are sufficient to support a plausible claim for false imprisonment under Louisiana law and Officer Little's motion to dismiss this claim is denied.

---

[89] La. C.C. art. 2320; *see also Poole v. Russell*, 2016 WL 6082041, *8 (W.D.La. Oct. 18, 2016)("Under La. C.C. art. 2320, 'an employer is subject to vicarious liability for the tortious conduct of his employee, irrespective of title, while acting within the course and scope of employment.'").

[90] *Valenza v. Santos*, 2016 WL 7210347, *3 (E.D.La. Dec. 13, 2016)("An employer's vicarious liability for its employee's conduct extends only to the employee's tortious conduct that is within the course and scope of employment." (citing *Kelley v. Dyson*, 10-61 (La.App. 5 Cir. 5/25/10), 40 So.3d 1100, 1105.)).

[91] The criminal offense of malfeasance in office is codified under La. R.S. 14:134.

[92] *Miller v. Desoto Regional Health System*, 2013-639 (La.App. 3 Cir. 12/11/13), 128 So.3d 649, 655-56. (citing *Kyle v. City of New Orleans*, 353 So.2d 969 (La. 1977)).

[93] *Kennedy v. Sheriff of E. Baton Rouge*, 05-1418, p. 32 (La. 7/10/06), 935 So.2d 669, 690.

[94] *Tabora v. City of Kenner*, 94-613 (La.App. 5 Cir. 1/18/95), 650 So.2d 319, at 322, *writ denied*, 95-402 (La. 3/30/95), 651 So.2d 843.

In light of this finding, Thomas also has a viable vicarious liability claim against the Chief of Police and the City, as Officer Little's employer, for his alleged tortious conduct of false imprisonment.[95]  Therefore, the City's *Motion to Dismiss* shall also be denied as to this claim.

### 3.  Assault and Battery

This Court has previously recognized that "[u]nder Louisiana law, the torts of assault and battery, when raised against a law enforcement officer acting in the course of employment, require a showing that the law enforcement officer acted with unreasonable or excessive force."[96]  Louisiana's excessive force tort mirrors its federal constitutional counterpart.[97]  "Whether the force used is reasonable depends upon the totality of the facts and circumstances in each case," and the factors to be considered are: "(1) the known character of the arrestee, (2) the risks and dangers faced by the officers, (3) the nature of the offense involved, (4) the chance of the arrestee's escape if the particular means are not employed, (5) the existence of alternative methods of arrest, (6) the physical size, strength, and weaponry of the officers compared to the arrestee, and (7) the exigencies of the moment."[98]  The Fifth Circuit has stated that these considerations are "sufficiently similar" to the 42 U.S.C. § 1983 *Graham* factors for excessive force.[99]  The Court finds that its foregoing analysis of Thomas' Fourth

---

[95] La. C.C. art. 2320:  "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."
[96] *Elphage*, 969 F.Supp.2d at 515 (citing *Gerard v. Parish of Jefferson*, 424 So.2d 440, 444 (La.App. 5 Cir. 1982)(citing *Kyle*, 353 So.2d at 972)).  Louisiana Code of Criminal Procedure article 220 provides:  "A person shall submit peaceably to a lawful arrest.  The person making a lawful arrest may use reasonable force to effect the arrest and detention, and also to overcome any resistance or threatened resistance of the person being arrested or detained."
[97] *Id.* (citing *Deville v. Marcantel*, 567 F.3d 156, 172-73 (5th Cir. 2009).
[98] *Id.* (quoting *Kyle v. City of New Orleans*, 353 So.2d 969, at 972 (1977)).
[99] *Id.* (citing *Deville,* 567 F.3d at 172-73).

Amendment excessive force claim applies equally to his state law claim of excessive force.  As alleged, Officer Little's attempt to handcuff Thomas behind his back is a fairly common and ordinarily accepted non-excessive means of detaining an arrestee, and therefore, not objectively unreasonable under the circumstances.  Accordingly, Thomas' state law assault and battery claim shall be dismissed.

    *4.  Malicious Prosecution*

    "Unlike federal law, Louisiana recognizes a cause of action for malicious prosecution."[100]  In Louisiana, the elements of the tort of malicious prosecution are: "1) the commencement or continuance of an original criminal or civil judicial proceeding; 2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; 3) its bona fide termination in favor of the present plaintiff; 4) the absence of probable cause for such proceeding; 5) the presence of malice therein; and 6) damage conforming to legal standards resulting to plaintiff."[101]  Although actions for malicious prosecution are disfavored under Louisiana law, it appears to the Court that Thomas has satisfactorily plead the essential elements necessary to survive Rule 12(b)(6) dismissal of his malicious prosecution claim against Officer Little.[102]  Thomas has alleged the commencement of criminal proceedings on his charges of disturbing the peace, two counts of battery on an officer, two counts of resisting arrest, and two counts of assault on an officer.[103]  Thomas has alleged Officer Little's involvement in his arrest and the trial of the foregoing counts, and that the charges of resisting arrest, assault, and

---

[100] *Deville*, 567 F.3d at 173.
[101] *Samuel v. Remy*, 2015-0464 (La.App. 1 Cir. 8/31/16), 2016 WL 4591885, at *10 (citing *Ferrant v. Parish of Tangipahoa ex rel. Coroner's Office*, 01-2278 (La.App. 1 Cir. 6/21/02), 822 So.2d 118, 120).
[102] *Gaspard v. Provensal*, 2016-0143 (La.App. 4 Cir. 7/6/16), 195 So.3d 1287, 1289 (citing *Waste Mgmt. of La., L.L.C., v. Parish of Jefferson ex rel. Jefferson Parish Council*, 947 F.Supp.2d 648, 656 (E.D.La. 2013)).
[103] The charge of inciting to riot was summarily dismissed by the District Attorney.

battery were all dismissed.  As previously discussed, the Court has also taken judicial notice of the fact that the charge of disturbing the peace was also dismissed.  The Court has also found that Thomas had sufficiently pled lack of probable cause to support his Fourth/Fourteenth Amendment claims of false arrest and false imprisonment. Pursuant to Louisiana law, malice may be presumed when there is a lack of probable cause.[104]

Accordingly, the Court finds that Thomas has sufficiently pled a viable state law malicious prosecution claim against Officer Little.  The Court also finds that Thomas has a viable vicarious liability claim against the Chief of Police and the City for Officer Little's alleged tortious conduct of malicious prosecution.  Accordingly, the *Motions to Dismiss* filed by the City, the Chief of Police, and Officer Little shall be denied as to this claim.

5. *Intentional Infliction of Emotional Distress*

To state a cause of action for intentional infliction of emotional distress (IIED), a plaintiff must plead the following three elements: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct."[105]  The conduct complained of "must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."[106]  "The conduct must be intended or calculated to cause severe emotional distress and not just some lesser

---

[104] *See Ryland v. Law Firm of Taylor, Porter, Brooks, and Phillips*, 496 So.2d 536, 540 (La.App. 1 Cir. 11/15/86).
[105] *Sparks v. Donovan*, 2004-388 (La.App. 3 Cir. 10/13/04), 884 So.2d 1276, 1282 (quoting White v. Monsanto Co., 585 So.2d 1205, 1209 (La. 1991)).
[106] *White*, 585 So.2d at 1209.

degree of fright, humiliation, embarrassment, worry, or the like."[107]  "Conduct which is merely tortious or illegal does not rise to the level of being extreme and outrageous."[108] After reviewing the *Complaint*, the Court finds that the Plaintiff only offers the conclusory allegations that he suffered "public humiliation" and that Officer Little's actions/omissions "constituted" intentional infliction of emotional distress.[109]  Such a conclusory allegation is insufficient to overcome a Rule 12(b)(6) motion to dismiss.  Accordingly, Thomas' IIED claim shall be dismissed for failure to state a claim.

## V.    CONCLUSION

For those reasons set forth above, the *Motion to Dismiss* filed by the City of Plaquemine and Chief of Police Orian Gulotta is hereby granted in part and denied in part.[110]  The *Motion* shall be granted as to Plaintiff Maurice Thomas' 42 U.S.C. § 1983 official and individual capacity claims, and 42 U.S.C. § 1985 claims against the City and Chief of Police Gulotta.   The *Motion* shall also be granted as to Plaintiff Thomas' *respondeat superior* or vicarious liability claims against the City and Chief of Police based upon assault and battery, malfeasance in office, and intentional infliction of emotional distress.   Accordingly, the foregoing claims are DISMISSED.    The *Motion* is hereby denied as to Plaintiff Thomas' *respondeat superior* and vicarious liability claims against the City and Chief of Police based upon malicious prosecution and false imprisonment.

The Court further finds that for those reasons set forth above that Officer John Little's *Motion to Dismiss* is hereby granted in part and denied in part.[111]  The *Motion* is

---

[107] *Id.* at 1210.
[108] *Nicholas v. Allstate Ins. Co.*, 99-2522 (La. 2000), 765 So.2d 1017, 1025.
[109] Doc. 1, p. 4, ¶22; p. 11, ¶52.
[110] Rec. Doc. 52.
[111] Rec. Doc. 56.

granted as to the following claims by Plaintiff Maurice Thomas against Officer Little: 42 U.S.C. § 1983 official capacity claims; 42 U.S.C. § 1983 individual capacity claims arising under the First, Fifth, Sixth, and Eighth Amendment and for malicious prosecution; 42 U.S.C. § 1985 claim; and state law claims of assault and battery, malfeasance in office, and intentional infliction of emotional distress.  Therefore, the foregoing claims are hereby DISMISSED.

The *Motion* is denied as to Plaintiff Maurice Thomas' 42 U.S.C. § 1983 individual capacity claim for false arrest and false imprisonment under the Fourth/Fourteenth Amendment, and state law claims of false imprisonment and malicious prosecution. Further, Officer Little's *Motion to Dismiss* Plaintiff's remaining Fourth/Fourteenth Amendment claim of false arrest and imprisonment on qualified immunity grounds is hereby DENIED WITHOUT PREJUDICE.  At this time, Officer Little's *Motion* is also DENIED as to Plaintiff Maurice Thomas' request for punitive damages and attorney's fees.

The Court, having already given Plaintiff the opportunity to amend his *Complaint*, which he failed to do, hereby DENIES Thomas' second request to amend his *Complaint* to remedy his pleading deficiencies.[112]

Signed in Baton Rouge, Louisiana, on January 25, 2017.

_____

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[112] Doc. 60, p. 9.