UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MAURICE THOMAS | CIVIL ACTION |
| VERSUS | |
| ORIAN GULOTTA, ET AL. | NO. 15-00435-JWD-RLB |

## RULING

Before the Court is a *Motion to Dismiss* for failure to timely serve pursuant to Rule 12(b)(5) and Rule 4(m) of the Federal Rules of Civil Procedure and for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, filed on behalf of Unknown Plaquemine Police Officer 1, Unknown Plaquemine Police Officer 2, Unknown Plaquemine Police Officer 3, Unknown Plaquemine Police Officer 4, in their official and individual capacities, and the Unknown Liability Insurance Company of All Defendants (collectively "Unknown Defendants").[1] The *Motion* is unopposed. For the following reasons, the Plaintiff's claims against the Unknown Defendants shall be dismissed.

### I. Brief Overview

Plaintiff filed his verified *Complaint* on July 3, 2015, in which he asserted 42 U.S.C. Section 1983 and 42 U.S.C. Section 1985 constitutional and state law claims against the following Defendants: Police Chief Orian Gulotta, Plaquemine Police Officer John Little, Unknown Plaquemine Police Officer 1, Unknown Plaquemine Police Officer 2, Unknown Plaquemine Police Officer 3, Unknown Plaquemine Police Officer 4, in their official and individual capacities, and the City of Plaquemine.[2] The record in this matter reveals that of these Defendants, service of

---

[1] Doc. 72.
[2] Doc. 1.

process was only effected on Police Chief Orian Gulotta, Police Officer John Little, and the City of Plaquemine.[3]

## II. Law and Analysis

Federal Rule of Civil Procedure ("Rule") 12(b)(5) provides for the dismissal of a clam if service was not timely made. When service of process is challenged, the party responsible for effectuating service bears the burden of establishing its validity.[4] Federal Rule of Civil Procedure 4 governs service of process generally, and Rule 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.[5]

As the Fifth Circuit recently explained, however, there is a "caveat" to dismissal: "If the plaintiff shows good cause for the failure [to timely effectuate service], the court must extend the time for service for an appropriate period."[6] "'[G]ood cause' under Rule 4(m) requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'"[7]

However, if the claims being dismissed without prejudice for failure to comply with Rule 4(m) will be time-barred by statutes of limitations upon refiling, the dismissal should be treated as a dismissal with prejudice under Rule 41(b). A dismissal with prejudice under Rule 41(b) requires

---

[3] Rec. Docs. 11 and 50.
[4] *Aetna Bus. Credit, Inc. v. Univ. Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981)(citation omitted).
[5] Fed. R. Civ. P. Rule 4(m)(2014). The Federal Rules of Civil Procedure were amended on April 29, 2015, to change the time for service of a defendant from 120 days to 90 days. However, these amendments did not go into effect until December 1, 2015. *See* Order of the United States, 305 F.R.D. 457, 460, 305 F.R.D. 457, 460 (April 29, 2015). Since Plaintiff filed his *Complaint* on July 3, 2015, the pre-2015 amendments time for effectuating service on the Defendants applies in this case.
[6] *Rroku v. Cole, et al.*, 2018 WL 1128960, *5 (5th Cir. Feb. 28, 2018)(unpub)(quoting Fed. R. Civ. P. Rule 4(m)(2014)).
[7] *Gartin v. Par Pharm. Co.*, 289 Fed.Appx. 688, 692 (5th Cir. 2008)(quoting *Lambert v. United States,* 44 F.3d 296, 299 (5th Cir. 1995))(a delay of seven months in serving one of the defendants is a clear record of delay).

"a clear record of delay or contumacious conduct by the plaintiff," and a finding that "lesser sanctions would not serve the best interest of justice."[8]

Considering the pending *Motion* is unopposed, it goes without saying that Plaintiff has failed to make any attempt to demonstrate good cause for his failure to serve the remaining Unknown Defendants over the last two years and eleven months. However, under the applicable statute of limitations, any dismissal without prejudice of Plaintiff's 42 U.S.C. Section 1983 and 1985 constitutional claims and state law claims for failure to effectuate timely service against the Unknown Defendants, would effectively function as a dismissal with prejudice, because the claims would be time-barred upon refiling.[9] Therefore, the Court must treat this dismissal on Rule 4(m) grounds as a Rule 41(b) dismissal with prejudice.

Initially, the Court finds that there is a clear record of delay. Within the Fifth Circuit, a "delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant period of total inactivity."[10] The Fifth Circuit has explained "that the failure to service process within the statute of limitations period is extremely

---

[8] *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, at 417 (5th Cir. 2006)(quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982); *Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir.), *cert. denied*, 546 U.S. 873 (2005)).

[9] Although Section 1983 provides a federal cause of action, the law borrows the statute of limitations applicable to forum-state personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). "In Louisiana, the applicable statute is Louisiana Civil Code article 3492, which provides for a one-year prescriptive period from the date of injury or damage." *Treadwell v. St. Tammany Par. Jail*, 599 Fed.Appx. 189, 190 (5th Cir. 2015). Moreover, a plaintiff need not know the identity of every potential defendant in order to start the prescription clock. *See, e.g., Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (Section 1983 claim accrued as to all defendants when plaintiff was injured, not years later when plaintiff learned identity of additional defendants). Thomas' Section 1983, Section 1985, and tort claims fall under Louisiana's one-year prescription for delictual actions. *See* La. Civ. Code art. 3492; *Hogg v. Chevron USA, Inc.*, 45 So. 3d 991, 1002 (La. 2010) (tort). *See also*, *Lagarde v. City of New Orleans*, Civil Action No. 12-313, 2012 WL 448 2981, *3 (E.D. La. Sept. 28, 2012)(explaining that Louisiana's one-year prescriptive period for delictual actions applies to Section 1983 and Section 1985 claims).

[10] *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326-27 (5th Cir. 2008)(quoting *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988)(citation omitted)).

prejudicial because it affects all the defendant's preparations."[11] In *Veazey v. Young's Yacht Sale & Serv*, the Fifth Circuit elaborated on this point:

> We view a delay between filing and service as being more likely to result in prejudice than a delay occurring after service, for in the former situation the defendant is not put on formal notice and allowed a full opportunity to discover and preserve relevant evidence when the matter is still relatively fresh and the evidence is intact and available.[12]

In this case, approximately three years have lapsed since the Plaintiff filed his *Complaint* without any attempts being made to serve the Unknown Defendants. The Court finds that this 35 month time span amounts to a "significant period of total inactivity." Plaintiff has also missed the 120-day deadline to serve the Unknown Defendants not by a few days or a couple of weeks, but by more than 900 days.[13] The Court further finds that such a delay to effectuate service is not a "simple inadvertence."[14]

The Court also finds that it would be unduly prejudicial to allow the Plaintiff to amend his *Complaint* at this stage of the litigation in order to identify and serve these Unknown Defendants. Allowing Plaintiff to do so would "threaten the integrity of the judicial process," and unduly prejudice all of the Defendants, considering the deadlines for conducting fact and expert discovery and filing dispositive motions have passed, and a jury trial is currently set for September 24, 2018.[15] Hence, the Court finds that while the Rule 4(m) dismissal of the Unknown Defendants will have prejudicial effect, there is no lesser sanction that would serve the interests of justice.

As an alternative argument, the Unknown Defendants seek dismissal of Plaintiff's claims against them with prejudice under Rule 41(b) for failure to prosecute. Considering that the Court

---

[11] *Sealed Appellant*, 452 F.3d at 418 (citing *Veazey v. Young's Yacht Sale & Serv.*, 644 F.2d 475, 478 (5th Cir. Unit A May 1981)).
[12] *Veazey v. Young's Yacht Sale & Serv.*, 644 F.2d 475, 478 (5th Cir. Unit A May 1981).
[13] *See Sealed Appellant*, 452 F.3d at 419 (court held that missing 120-day deadline by approximately 600 days (20 months) was clear record of delay and not a simple inadvertence).
[14] *Gartin*, 289 Fed.Appx. at 692.
[15] Doc. 70.

has already applied the Rule 41(b) dismissal with prejudice standard to the Unknown Defendant's Rule 4(m) argument, the Court finds for those same reasons previously discussed herein that dismissal with prejudice for failure to prosecute is also warranted.

### III. CONCLUSION

For the foregoing, reasons, the *Motion to Dismiss* for failure to timely serve pursuant to Rule 12(b)(5) and Rule 4(m) of the Federal Rules of Civil Procedure and for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, filed on behalf of Unknown Plaquemine Police Officer 1, Unknown Plaquemine Police Officer 2, Unknown Plaquemine Police Officer 3, Unknown Plaquemine Police Officer 4, in their official and individual capacities, and the Unknown Liability Insurance Company of All Defendants, is hereby granted.[16]

It is further ordered, that Plaintiff's claims against the Unknown Defendants are hereby dismissed with prejudice for failure to prosecute under Fed. R. Civ. P. Rule 41(b) due to his failure to effectuate timely service against them pursuant to Fed. R. Civ. P. Rule 4(m).

Signed in Baton Rouge, Louisiana this 7th day of June, 2018.

**JUDGE JOHN W. DEGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[16] Doc. 72.