UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MAURICE THOMAS | CIVIL ACTION |
| VERSUS | |
| ORIAN GULOTTA, ET AL. | NO. 15-00435-JWD-RLB |

## RULING

Before the Court is a *Motion for Reconsideration* filed on behalf of Defendants, Plaquemine Police Chief Orian Gulotta, the City of Plaquemine, and Plaquemine Police Officer John Little, in his individual capacity. (collectively "Defendants").[1] Plaintiff Maurice Thomas ("Plaintiff" or "Thomas") has filed an *Opposition*.[2] For the following reasons, the Defendants' *Motion* shall be granted.

### I. PROCEDURAL POSTURE[3]

On June 14, 2018, the Court issued a *Ruling* granting in part and denying in part Defendants' *Motion for Summary Judgment*.[4] The Court granted the Defendants' *Motion* on all of Thomas' remaining claims against the Defendants arising out of his July 5, 2014 arrest, after finding that these claims had been released pursuant to a March 24, 2015 Settlement Agreement and were barred by *res judicata*. The Court also found that *Heck v. Humphrey* barred some of the Plaintiff's claims arising out of his March 9, 2015 arrest for cruelty to animals (simple and aggravated) and possession of a Schedule I CDS. The Court dismissed with prejudice Plaintiff's 42 U.S.C. § 1983 individual capacity claim against Officer Little for false arrest and false

---

[1] Doc. 81.
[2] Doc. 84.
[3] On January 26, 2017, the Court issued a *Ruling* dismissing certain claims against the Defendants on Rule 12(b)(6) grounds. Doc. 64. This *Ruling* is not the subject of the Defendants' pending *Motion*.
[4] Doc. 79.

1

imprisonment under the Fourth/Fourteenth Amendments, state law claim of false imprisonment, and state law claims of *respondeat superior* and vicarious liability against the City and the Chief of Police that were premised his cruelty to animals and possession of Schedule I CDS charges. However, the Court denied the Defendants' *Motion* on Thomas' 42 U.S.C. § 1983 individual capacity claim against Officer Little for false arrest/false imprisonment under the Fourth/Fourteenth Amendments, state law claim of false imprisonment, and state law claims of *respondeat superior* and vicarious liability against the City and Chief of Police based on his resisting an officer charges arising out of his March 9, 2015 arrest. Unlike his other claims, the Court found that Thomas' claims based on his resisting an officer charges were not barred by *Heck v. Humphrey*.

On June 20, 2018, the Defendants filed the instant motion urging the Court to reconsider its June 14, 2018 *Ruling* to the extent it denied Defendants' *Motion for Summary Judgment* based upon Thomas' March 9, 2015 arrest charges of resisting an officer. In his *Opposition*, Plaintiff has failed to address the Defendants' arguments; instead, he focuses on his charges arising out of his July 5, 2014 arrest, which is not the subject of the instant *Motion*.[5]

## II.    LAW AND ANALYSIS

"Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision . . . [that] does not end the action.'"[6] Recently in *Austin v. Kroger Tex., L.P.*, the Fifth Circuit made clear that Rule 54(b) and

---

[5] Plaintiff's argument also consists of a reassertion of his prior summary judgment arguments strictly related to his July 5, 2014 arrest. Doc. 84. ("The following argument was previously submitted in our prior submission and are being resubmitted for the Court to reconsider." Doc. 84, p. 1). Although Plaintiff asserts that his arrest occurred on July 3, 2014 in his *Opposition*, the record evidence shows that the actual date of his arrest was July 5, 2014. Doc. 73-6, p. 3.
[6] *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)(quoting FED. R. CIV. P. 54(b))(*per curiam*).

Rule 59(e) require distinct analyses.[7]  "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[8]  The stricter Rule 59(e), however, only applies to the reconsideration of final judgments.  The *Austin* court, adopting language from the D.C. Circuit, contrasted Rule 54(b) with Rule 59(e) as follows:

> Rule 59(e), understandably, sets a high threshold for parties to raise a new argument for the first time after judgment has already been entered . . . In contrast, Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'[9]

Because the Defendants move the Court to reconsider the denial of their summary judgement motion on charges of resisting an officer—an interlocutory order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties [and] does not end the action as to any of the claims or parties"—the proper analysis is under Rule 54(b).[10]  As this Court has previously explained, "district courts have considerable discretion in deciding whether to reconsider an interlocutory order."[11]

Defendants assert that the Court's June 14, 2018 *Ruling* should be altered or amended because it contains a manifest error of law.  In particular, Defendants argue that because probable cause existed for two of Thomas' charges arising out of his March 9, 2015 arrest, then pursuant to Fifth Circuit jurisprudence, the entire arrest was supported by probable cause; therefore, Thomas' 42 U.S.C. § 1983 claim for false arrest based on his charges of resisting an officer must be

---

[7] *Id.* at 336. (finding that district court abused its discretion by applying stricter Rule 59(e) analysis instead of the more flexible Rule 54(b) analysis).
[8] *Id*. (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc*., 910 F.2d 167, 185 (5th Cir. 1990)).
[9] *Id.* at 336-37 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)).
[10] FED. R. CIV. P. 54(b).
[11] *Swoboda v. Manders*, Civil Action No. 14-19, 2016 WL 1611477, *4 (M.D.La. Apr. 21, 2016)(citing *Stewart v. Gautreaux*, Civil Action No. 12-00594, 2014 WL 46638, at *2 (M.D.La. Mar. 13, 2014)).

3

dismissed.[12] In the "interest of finality and [the] conservation of judicial resources," the Court shall exercise its broad discretion and grant the Defendants' *Motion* for the following reasons.[13]

It is undisputed that on March 9, 2015, Thomas was charged with cruelty to animals (simple and aggravated), Possession of a Schedule I CDS, and 4 counts of resisting an officer. Thomas entered guilty pleas to simple cruelty to animals and Possession of Schedule II CDS—as of this date, these convictions still stand. According to the Fifth Circuit decision, *Wells v. Bonner*, the fact that Thomas was also charged with 4 counts of resisting an officer but never convicted of these charges is "insignificant" in determining whether Thomas has a 42 U.S.C. § 1983 claim for unconstitutional arrest.[14] The *Wells* court explained that "[t]he claim for false arrest does not cast its primary focus on the validity of each individual charge; instead, [the court's] focus [is] on the validity of the arrest. If there was probable cause for any of the charges made . . . then the *arrest* was supported by probable cause, and the claim for false arrest fails."[15]

Applying *Wells* to the case at hand, in order for Thomas to establish that his false arrest claim based upon his charges of resisting an officer, he must show that there was no probable cause to arrest him for *any* of the charges on March 9, 2015. Ultimately this would require Thomas to offer evidence showing that his convictions for simple cruelty to animals and possession of Schedule II CDS have been invalidated.[16] Consequently, *Heck v. Humphrey* dictates that Thomas' claim for false arrest is not cognizable in the absence of the invalidation of Thomas' convictions for simple cruelty to animals and possession of Schedule II CDS, which the undisputed evidence

---

[12] The Court notes that Defendants never raised this argument in their *Memorandum in Support of their Motion for Summary Judgment* or in their *Reply*.
[13] *Williams v. E.I. DuPont de Nemours and Co*., Civil Action No. 14-382, 2016 WL 9384349, at *2 (M.D.La. Mar. 31, 2016)(quoting *Carroll v. Nakatani*, 342 F.3d 943, 945 (9th Cir. 2003)).
[14] *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995).
[15] *Id.* (emphasis original).
[16] *Id.* (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

shows has not occurred.[17] Because there was probable cause for Thomas' March 9, 2015 arrest, the Court finds that Thomas' remaining 42 U.S.C. § 1983 claim against Officer Little for false arrest/false imprisonment under the Fourth/Fourteenth Amendments for the charges of resisting an officer is barred by *Heck* and shall be dismissed.

Thomas has also failed to raise any argument regarding the applicability of *Heck's* favorable termination rule to his parallel state law claim for false imprisonment pertaining to his March 9, 2015 arrest charges for resisting an officer.[18] Therefore the Court finds that Thomas has "waived any argument that his state-law claims should be addressed apart from *Heck*."[19] Considering that a successful ruling on Thomas' state law claims for false imprisonment would undermine his convictions for simple cruelty to animals and possession of Schedule II CDS, his state law claim of false imprisonment based upon his resisting an officer charges are also barred by *Heck*. Accordingly, Thomas' remaining *respondeat superior* and vicarious liability claims against the City and the Chief of Police arising out of his March 9, 2015 arrest must also be dismissed.

### III. CONCLUSION

For the foregoing reasons, the *Motion for Reconsideration* filed on behalf of Defendants, Plaquemine Police Chief Orian Gulotta, the City of Plaquemine, and Plaquemine Police Officer John Little, in his individual capacity is hereby granted.[20]

It is hereby ordered that Plaintiff Thomas Gulotta's 42 U.S.C. § 1983 individual capacity claim against Officer Little for false arrest/false imprisonment under the Fourth/Fourteenth

---

[17] *Heck*, 512 U.S. at 486-87.
[18] Again, as previously noted, Thomas has failed to raise any argument in his *Opposition* that relates to his March 9, 2015 arrest.
[19] *Elphage v. Gautreaux*, 969 F.Supp.2d 493, 515 (M.D.La. Sept. 3, 2013)(quoting *Thomas v. La. Dep't of Soc. Servs.*, 406 Fed.Appx. 890, 898 (5th Cir. 2010)(citation omitted)(unpublished).
[20] Doc. 81.

Amendments and state law claim of false imprisonment arising out of Thomas' March 9, 2015 arrest for resisting an officer are hereby dismissed with prejudice.

It is further ordered that Plaintiff's state law claims of *respondeat superior* and vicarious liability against the City of Plaquemine and Plaquemine Police Chief Orian Gulotta based upon Thomas' March 9, 2015 arrest for resisting an officer, are hereby dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on July 9, 2018.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**